# A. P. Loveman & Co. *v.* Alabama, Tennessee & Northern R. R. Co.

### *Failure to Deliver Goods.*

(Decided December 22, 1911. Rehearing denied February 15, 1912. 57 South. 817.)

*Carriers; Loss of Goods; Bill of Lading; Issuance Before Delivery.*—Before a carrier can be made liable for goods, there must be a delivery actual or constructive to the carrier. The facts of this case examined and under the rule above announced, it is held that it is not shown that the goods for whose destruction damage is sought was delivered to the carrier in such a manner as to render the carrier liable for their loss.

APPEAL from Pickens Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by A. P. Loveman & Co. against the Alabama, Tennessee & Northern Railroad Company for failure to deliver cotton. Judgment for defendant, and plaintiffs appeal. Affirmed.

It appears from the evidence that the cotton was in a warehouse in Aliceville that was owned and operated

by Arch Hood, who was also cotton agent for the defendant company for Aliceville. It also appeared that the bills of lading upon which the suit was brought were issued by said Hood as such agent while the cotton was still in his warehouse; that the cotton was burned the night after the bill of lading was issued, and before it was ever loaded on the cars of the defendant; that the bills of lading were delivered to one Buntin, agent of the plaintiff, who knew, when he received the bills of lading, that the cotton was still in the warehouse, and that the warehouse receipts which had been issued for the cotton had not then or since been redelivered to the warehouseman, Hood; that Hood had no authority to issue bills of lading for cotton as the agent of defendant until the cotton had been loaded on the cars; and that plaintiff's agent, Buntin, knew that Hood had no authority to issue bills of lading in the name of the defendant until the cotton had been loaded. It further appeared that the fire which destroyed the cotton was not caused by any act of negligence of omission or commission on the part of the defendant or its servants and agents, and that the defendant had nothing to do whatever with the management or control of the warehouse, nor any interest therein, and that no train passed going towards Tuscaloosa after the bills of lading were issued that could have hauled the cotton from Aliceville to Tuscaloosa. There was also evidence as to the duty of the warehouseman to load the cotton, and as to the forms of bills of lading. There was evidence as to the insurance, etc., not necessary to be here set out.

DANIEL COLLIER, and R. H. SCRIVENER, for appellant. The court erred in overruling demurrer to plea 3.— Sec. 5546, Code 1907; *A. G. S. v. McClesky*, 49 South. 433; *N. C. & St. L. v. Parker*, 123 Ala. 690. Plea 7

should have been verified.—Sec. 5332, Code 1907; *Bryan v. Wilson,* 27 Ala. 208. There was a delivery of the cotton to the common carrier in such a sense as to render it liable.—*M. & E. R. R. Co. v. Kolb,* 73 Ala. 396; Hutchison on Carriers, sec. 90; *L. & N. v. Touart,* 97 Ala. 518. At least, this was a question for the jury.— *L. & N. v. Odom,* 80 Ala. 43; *Cowherd's case,* 123 Ala. 53.

OLIVER, VERNER & RICE, for appellee. The cotton had never been delivered to defendant, and hence, defendant was in no sense liable for its loss.—*Lehman-Durr Co. v. Pritchett,* 84 Ala. 514; Sec. 6132, Code 1907. The law will not allow a right to spring from its own violation.—*Moog v. Hansen,* 93 Ala. 503, and cases cited. The court will not assist the parties to enforce an illegal contract.—*Jemison v. B. & A.,* 125 Ala. 383. It was not the intention of the legislature by the enactment of section 5546, Code 1907, to deny the carrier the right to show that it had not received the property.—*Gridley v. L. & N.,* 119 Ala. 523. In any event, plaintiff had received the full value of the cotton from the insurance company.

McCLELLAN, J.—Mr. Hood's contemporary, yet wholly distinct and independent, relations of warehouseman and of "cotton agent" of the defendant, which was without interest, in any degree, in the warehouse business conducted by Mr. Hood individually, rendered it impossible, under the doctrine of the decision in *Lehman, Durr & Co. v. Pritchett,* 84 Ala. 512, 4 South. 601, for Mr. Hood, as warehouseman, to *deliver,* actually or constructively, the cotton in question to the common carrier (the defendant, appellee) while there was outstanding, undelivered and uncanceled, warehouse receipts

therefor, issued by him as warehouseman. Without delivery to the common carrier, no responsibility or liability, in respect of the cotton, could have or did exist against it. There is no statute obviating, or attempting to obviate, the necessity of delivery, actual or constructive, in order to impose responsibility or liability upon a carrier. Custom is impotent to avoid the requirements of positive statute law.

Upon this theory, independent of any others advanced or adopted by the trial court in giving the affirmative charge for the defendant (appellee), that ruling was clearly justified.

Affirmed.

ANDERSON and MAYFIELD, JJ., concur in the opinion. SIMPSON, SAYRE and SOMERVILLE, JJ., concur in conclusion.